**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VOTER VERIFIED, INC., a Florida
corporation,

                Plaintiff,                        Case No.

v.

                                             INJUNCTIVE RELIEF AND
ELECTION SYSTEMS & SOFTWARE, INC.,      JURY TRIAL REQUESTED
a Delaware corporation,

                Defendant.
_____/

## COMPLAINT

The Plaintiff, VOTER VERIFIED, INC., sues the Defendant, ELECTION SYSTEMS &

SOFTWARE, INC.,  and says:

### PARTIES

1.      The Plaintiff, VOTER VERIFIED, INC. ("VVI"), is a corporation organized and

existing under the laws of the State of Florida.

2.      The Defendant, ELECTION SYSTEMS & SOFTWARE, INC. (ES&S), is a

corporation organized and existing under the laws of the State of Delaware, and is licensed to do

business in the State of Florida.

3.      Premier Election Solutions, Inc. (PES) was until September 2, 2009 a wholly owned

subsidiary of Diebold, Incorporated (Diebold), at which time ES&S entered into an agreement with

Diebold to purchase all of the capital stock of PES from Diebold.

-1-

<u>JURISDICTION AND VENUE</u>

4.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *etseq.,* of United States Patent Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"), copies of said United States Patents being attached hereto as **Exhibits A and B,** respectively.

5.      This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6.      ES&S is subject to the jurisdiction of this Court by reason of ES&S having received a license to do business in the State of Florida and having accordingly appointed a resident agent for service of process in the State of Florida.

7.      The Middle District of Florida is a proper venue for this action under 28 U.S.C. §§ 1391(c) and 1400(b), in that ES&S is subject to personal jurisdiction in the Middle District of Florida, and thus is deemed to reside in the Middle District of Florida for purposes of venue.

8 .      Venue is proper under 28 U.S.C. §§ 1391 (b) and/or 1400(b), in that some of the events giving rise to the claims of VVI occurred in the Middle District of Florida.

9.       ES&S has infringed, and is continuing to infringe said United States Patents by making, selling, offering to sell, importing, exporting, and/or using within and throughout the United States of America certain voting systems and equipment that practice certain voting methods claimed in said United States Patents, to wit:  the ES&S AutoMARK and various "tabulators" used in combination and/or systematized therewith, including ES&S "tabulators", particularly the Model 100 Precinct Ballot Counter, the IntElect DS200, the Model 650 Central Ballot Tabulator, and the DS850(I); and the iVotronic Real-Time Audit Log used in combination and/or systematized with the

iVotronic or other direct recording electronic voting machines.

BACKGROUND

10.     On December 7, 2000 Co-Inventors Michael R. McDermott and Anthony I. Provitola filed the Application for United States Patent with the United States Patent and Trademark Office (USPTO) entitled "Auto-Verifying Voting System and Voting Method", which was assigned the Application Serial Number 09/732,324 by the USPTO, according to the Co-Inventor supplied post card mailed by the USPTO on December 19, 2000, a copy of which is attached hereto as **Exhibit C**.

11.     On January 19, 2001 Co-Inventor, Michael R. McDermott, assigned all of his right, title, and interest in and to United States Patent Application No. 09/732,324 to Co-Inventor, Anthony I. Provitola, the Assignment of Application evidencing said transfer, a copy of which is attached hereto as **Exhibit D**, being recorded with the USPTO on March 28, 2001, thereafter announced in the USPTO Official Gazette (OG), and electronically published by the USPTO on its Internet website www.uspto.gov at Patents>Search Patents>Patent Number Search>6,769,613.

12.     On June 13, 2002 the USPTO issued the Notice of Publication of Application for United States Patent Application No. 09/732,324 stating that said Application had been published electronically in accordance with 37 CFR 1.211.

13.     On August 3, 2004 the '613 patent was issued by the USPTO, following the mailing of the Notice of Allowance of United States Patent Application No. 09/732,324 on April 7, 2004, and was published by the USPTO on its Internet website www.uspto.gov at Patents>Search Patents>PatentNumberSearch>6,769,613[http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1 &Sect2=HITOFF&d=PALL&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.htm&r=1&f=G&l=50

&s1=6,769,613.PN.&OS=PN/6,769,613&RS=PN/6,769,613]).

14.     On August 27, 2004 Mr. Terry M. Sanks, Attorney at Law, sent a letter to Mr. Aldo Tesi, President and Chief Executive Officer of ES&S,  on behalf of AutoVerify Voting Systems, LLC (the contractual licensing organization authorized by Co-Inventor Anthony I. Provitola for the '613 patent), a copy of which is attached hereto as **Exhibit E**, covering a copy of the '613 patent and requesting the opening of negotiations for non-exclusive licensing of the '613 patent.

15.     ES&S acknowledged receipt of said letter (Exhibit E) by a letter from Mr. Eric A. Anderson, General Counsel of ES&S, dated September 14, 2004, a copy of which is attached hereto as **Exhibit F**.

16.      On December 2, 2004 Co-Inventor, Anthony I. Provitola filed a Request for Certificate of Correction, and on February 1, 2005 the Director of the USPTO issued the Certificate of Correction thereupon that  became a part of the '613 patent, a copy of which is attached hereto as **Exhibit G**.

17.     On February 14, 2005 Co-Inventor, Anthony I. Provitola filed with the USPTO a Reissue Application,  assigned Serial Number 11/062,351, claiming the benefit of United States Patent Application No. 09/732,324 with child continuity therefrom.

18.     On May 3, 2005 the USPTO announced the filing of said Reissue Application in the USPTO OG issued for week 18 of 2005 pursuant to 37 CFR 1.11(b).

19.     In conjunction with said announcement in the USPTO OG, said Reissue Application became open to inspection by the public by electronic publication in the USPTO Public Patent Application Information Retrieval (Public PAIR) system.

20.     Upon Public PAIR publication of said Reissue Application the parent continuity from

United States Patent Application No. 09/732,324 was included, and the child continuity of said Reissue Application was included in the Public PAIR publication of the '613 patent;

21.     On August 5, 2008 the '613 patent was reissued by the USPTO to Co-Inventor, Anthony I. Provitola as the '449 patent following the mailing of the Notice of Allowance of said Reissue Applicaton on May 9, 2008.

22.     On June 1, 2009 Co-Inventor, Anthony I. Provitola filed a Request for Certificate of Correction to the '449 patent, and on July 7, 2009 the Director of the USPTO issued the Certificate of Correction thereupon, a copy of which is attached hereto as **Exhibit H**, which became a part of the '449 patent.

23.     The '449 patent included an amended Claim 49 of the '613 patent (as corrected by the Certificate of Correction issued on July 7, 2009 (Exhibit H)), which is substantially identical to the original Claim 49 in the '613 patent.

24.     On November 12, 2009 Co-Inventor, Anthony I. Provitola assigned all of his right, title and interest in and to the '613 patent and the '449 patent to VVI, including all rights to recover by legal action any claims for infringement that had accrued prior to said transfer, by execution of the Assignment of Patent, a copy of which is attached hereto as **Exhibit I**.


CLAIMS FOR RELIEF FOR INFRINGEMENT OF UNITED STATES PATENTS

25.     VVI incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint as though fully set forth herein.

26.     VVI is the owner by assignment (Exhibit I) of the entire right, title, and interest in and to said United States Patents entitled "AUTO-VERIFYING VOTING SYSTEM AND

VOTING METHOD", including all rights to recover by legal action any claims for infringement that had accrued to the owner of said United States Patents prior to said Assignment.

27.     ES&S has infringed said United States Patents, and is continuing to infringe the '449 patent, by making, using, selling, advertising, and/or offering for sale in the United States, and/or importing and/or exporting, voting machines and systems that embody and/or practice the invention claimed in said United States Patents, with full knowledge of said United States Patents, including the amended and new claims thereof.

28.     ES&S has been infringing said United States Patents and has continued to infringe the '449 patent under 35 U.S.C. § 271(b) by actively inducing direct infringement by end-users who use voting systems and methods that embody and/or practice the invention claimed in said United States Patents.

29.     ES&S has the specific intent to encourage direct infringement of said United States Patents by end-users who use voting systems and methods that embody and/or practice the invention claimed in said United States Patents.

30.     ES&S actions, including their sales, advertising, and instructions, induced direct infringement by the end-users who use voting systems and methods that embody and/or practice the invention claimed in said United States Patents.

31.     ES&S knew or should have known that its actions would induce direct infringement by end-users who operate and/or use voting systems and methods that embody and/or practice the invention claimed in said United States Patents.

32.     ES&S has been infringing said United States Patents and is continuing to infringe the '449 patent under 35 U.S.C. § 271(c) by contributing to the direct infringement by end-users who

operate and/or use voting systems and methods that embody and/or practice the invention claimed in said United States Patents.

33.     The voting systems and methods and components thereof sold, made and/or operated by ES&S constitute a material part of the invention claimed in said United States Patents and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34.     At all times pertinent hereto ES&S knew that the voting systems and methods and components thereof are being used by the end-user as a material part of the invention claimed in said United States Patents.

35.     ES&S failed to obtain a license for the invention claimed in the '613 patent after having been given an opportunity to do so, and willfully and deliberately proceeded to conduct its business without such a license and with infringement of said United States Patents, all with full and complete knowledge of the legal effect of said United States Patents.

36.     As a direct and proximate result of infringement of said United States Patents, VVI has been and continues to be damaged in an amount yet to be determined.

37.     Continued willful and deliberate infringement of said United States Patents as herein alleged is likely unless enjoined by this Court in view of the failure of ES&S to obtain a license for the invention claimed in said United States Patents after having been given an opportunity to do so, and proceeding to conduct its business without such a license and with infringement of said United States Patents, all with full and complete knowledge of the legal effect of said United States Patents.

38.     Unless enjoined and restrained by this Court, the willful infringement of said United States Patents by ES&S, together with its acquisition of PES, is likely to cause irreparable injury to

VVI with respect to the licensing of said United States Patents to competitors of ES&S in the voting systems market as by: influencing the decisions of potential licensees as to whether or not to obtain a license from VVI under said United States Patents in order to compete with ES&S in the voting systems market; and by impeding any licensing negotiations of VVI with such potential licensees; all of which cannot be adequately compensated or measured in money.

39.     VVI has no adequate remedy at law, and is therefore entitled to injunctive relief enjoining and restraining ES&S and its subsidiaries, officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '449 patent.

40.     All conditions precedent to bringing this action have occurred or been performed.


PRAYER FOR RELIEF

WHEREFORE, VVI prays for judgment against ES&S as follows:

A.     for a judicial determination and declaration that ES&S has infringed United States Patent Nos.  6,769,613 and 40,449;

B.     for a judicial determination and decree that infringement of United States Patent Nos. 6,769,613 and 40,449 by ES&S was done willfully;

C.     for damages resulting from the past and present infringement of United States Patent Nos. 6,769,613 and 40,449, and the trebling of such damages because of the willful and deliberate nature of the infringement by ES&S;

D.     for permanent injunctive relief enjoining against further infringement of United States   Patent No. 40,449 by ES&S, and its subsidiaries, their officers, directors,

shareholders, agents, servants, employees, and all other entities and individuals acting in concert with them or on their behalf;

E.     for an assessment of prejudgment interest on damages;

F.     for a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys fees and costs in this action; and

G.     for such other and further relief as the Court deems just and equitable.


<u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure VVI hereby demands a trial by jury of all issues triable of right by a jury.


DATED: November 19, 2009                    Respectfully submitted,

                                            **s/Anthony I. Provitola**
                                            Anthony I. Provitola
                                            Florida Bar No. 95290
                                            Attorney for Plaintiff, VVI
                                            ANTHONY I. PROVITOLA, P.A.
                                            Trial Counsel
                                            Post Office Box 2855
                                            DeLand, Florida 32721
                                            (386) 734-5502 - Telephone
                                            (386) 736-3177 - Facsimile
                                            aprovitola@cfl.rr.com