**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEMS & SOFTWARE INC.,**

        **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Objection to Report of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 123, filed Dec. 9, 2010);

2. Motion to Strike Report of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 124, filed Dec. 9, 2010);

3. Memorandum in Opposition to Plaintiff's Objections and Motion to Strike Declarations of Michael I. Shamos and Lindsay Marshall by Election Systems & Software Inc. (Doc. No. 127, filed Dec. 20, 2010);

4. Objections to Supplemental Declaration of Defendant's Expert Michael I. Shamos Ph.D., J.D. Concerning Obviousness of Claim 49 by Voter Verified, Inc. (Doc. No. 130, filed Dec. 26, 2010); and

5.  Memorandum in Opposition to Plaintiff's Objections to Supplemental Declaration of Defendants' Expert Michael I. Shamos Ph.D., J.D. Concerning Obviousness of Claim 49 by Election Systems & Software Inc. (Doc. No. 131, filed Jan. 5, 2011).

**Background**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Election Systems & Software Inc. ("ES&S") (Doc. No. 1.)  The Complaint, seeking both damages and injunctive relief, alleges that the Defendant willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 11-12.)  Defendant denies VVI's allegations of infringement and seeks a declaratory judgment that: (1) the '613 and the '449 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and 112; (2) the '613 patent is invalid pursuant to 35 U.S.C. § 251; and (3) Defendant is not infringing and has never infringed the '613 and '449 patents. (Doc. No. 17, filed Jan. 13, 2010.)

On April 28, 2010, VVI filed a Motion for Summary Judgment arguing that there were no genuine issues of material fact relating to the direct infringement of claim 49 of the '613 and '449 patents by the ES&S AutoMark system and the ES&S iVotronic Real Time Audit Log system. (Doc. No. 71 at 1.)  VVI also moved for summary judgment on the validity of the asserted patents and the issue of intervening rights. (*Id.*)  On May 28, 2010, Defendant responded in opposition to VVI's summary judgment motion and filed a Cross Motion for Summary Judgment, contending that: (1) the '613 patent cannot be infringed because it was surrendered; (2) claims 49, 56, 85, 93, and 94 of the '449 patent are not infringed; and (3) claims 49, 56, 85, 93, and 94 of the '449 patent are invalid as anticipated under 35 U.S.C. § 102. (Doc. No. 84.)  Plaintiff's Motion for Summary Judgment was denied in part and granted in part. (Doc. No. 114 at 37-39.)  Defendant's Cross Motion for Summary

Judgment was also denied in part and granted in part, and the Defendant was granted leave to file a supplemental summary judgment motion addressing the issue of obviousness. (*Id*. at 39.)

On November 9, 2010, Defendant filed a Motion and Memorandum in Support of Invalidity of Claim 49 of U.S. Patent No. RE40,449, (Doc. No. 119), and a Declaration of Defendant's Expert Michael I. Shamos, Ph.D., J.D. Concerning Obviousness of Claim 49 ("Shamos Obviousness Declaration"). (Doc. No. 120.) On December 9, 2010, Plaintiff filed objections to the Shamos Obviousness Declaration and also filed a motion to strike the declaration. (Doc. Nos. 123-24.) Defendant responded in opposition to the objections and the motion to strike, (Doc. No. 127), and filed a Supplement Declaration of Michael I. Shamos, Ph.D., J.D. Concerning Obviousness of Claim 49 ("Supplemental Declaration") (Doc. No. 128, filed Dec. 20, 2010). Plaintiff subsequently filed objections to the Supplemental Declaration, and the Defendants responded in opposition. (Doc. Nos. 130-31.)

**Standard of Review**

**I. Objection to a Declaration Considered on a Motion for Summary Judgment**

In general, an affidavit or declaration under 28 U.S.C. § 1746 supporting or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

**Analysis**

**I. Omission of Shamos from Defendants' Rule 26 Disclosures**

VVI argues that the Court should strike the Shamos Obviousness Declaration because the Defendant failed to include Shamos in the Rule 26(a)(1) disclosures. (Doc. No. 123 at 1-2.) This argument was previously considered and rejected in the Order entered on August 9, 2010 ("August 9 Order"). (Doc. No. 112 at 3-4.) As stated in the August 9 Order, because Shamos has been designated as an expert witness, the Defendant is required to disclose him at the time set by court order. Fed. R. Civ. P. 26(a)(2)(C). Here, the Case Management and Scheduling Order provides that expert disclosures are due by April 1, 2011. (Doc. No. 51 at 1, filed Feb. 22, 2010.) Accordingly, the Defendant was not required to disclose Shamos prior to filing the Shamos Obviousness Declaration on November 9, 2010.

## II.  Expert Qualification

VVI next objects to the Shamos Obviousness Declaration on the grounds that Shamos failed to specify his field of expertise. (Doc. No. 123 at 2.) This argument was considered and rejected in the August 9 Order. (Doc. No. 112 at 8 n.3.) As previously discussed, the declaration filed on June 19, 2010 sets forth Shamos' education, teaching experience in the area of electronic voting, and nearly 30 years experience as an examiner of electronic voting systems, which together demonstrate that Shamos has particular scientific, technical, and specialized knowledge in the field of electronic voting systems. (Doc. No. 95 ¶¶ 1-18; Doc. No. 95-1.) Paragraph 1 of the Shamos Obviousness Declaration refers the Court to this portion of the previous declaration. (Doc. No. 120 ¶ 1.) Accordingly, the Shamos Obviousness Declaration properly sets forth Shamos' expert qualifications.

## III.  Unsworn Declaration - 28 U.S.C. § 1746

VVI  objects to the Shamos Obviousness Declaration on the grounds that the declaration is not made under oath and therefore has no force or effect as evidence. However, pursuant to 28 U.S.C.

§ 1746, a declaration is properly executed in the United States if it includes the following language:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature). 28 U.S.C. § 1746(2). The Supplemental Declaration includes this language in reference to the statements set forth in the Shamos Obviousness Declaration. (Doc. No. 170 at 2.) Thus, the Shamos Obviousness Declaration will not be stricken for failure to comply with 28 U.S.C. § 1746.

### IV.  Lack of Personal Knowledge

VVI next maintains that the Shamos Obviousness Declaration should be stricken because it does not set forth that Shamos has personal knowledge of the facts stated therein.[1] (Doc. No. 123 at 3-4.) This objection was previously considered and rejected by the Court in the August 9 Order. (Doc. No. 112 at 8.) As discussed in the previous Order, an expert witness need not have personal knowledge of the facts that form the basis of his opinion. *Id.* (citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness, . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.")).

### V. Compliance with Rule 702

VVI contends that paragraph 12 of the Shamos Obviousness Declaration fails to comply with Federal Rule of Evidence 702 because it is not based on scientific, technical, or otherwise specialized knowledge in the possession of an expert that will assist the trier of fact to understand the evidence.[2]

---

[1] To the extent this argument is repeated in paragraphs 5 and 6 of VVI's objections, it is similarly rejected.

[2] To the extent paragraph 5 restates the objections relating to Federal Rule of Civil Procedure 26 and Shamos' lack of personal knowledge, these arguments are rejected for the reasons cited in Sections I and IV of the present Order.

(Doc. No. 123 at 4-5.) The Court disagrees. Paragraph 12 presents Shamos' opinion regarding the independent development of a particular voter verification method in the late 1980's. The independent development of this method relates to the scope and content of the prior art and is therefore relevant to the question of obviousness. *See Graham v. John Deere Co.*, 383 U.S. 1, 16 (1966) ("While the ultimate question of patent validity is one of law," the question of obviousness is based on underlying findings of fact including "the scope and content of the prior art" and the "level of ordinary skill in the pertinent art."). Moreover, as discussed in the August 9 Order, Shamos is qualified as an expert in the field of electronic voting systems, and the Shamos Obviousness Declaration provides both the legal definitions of obviousness Shamos relied upon in formulating his opinion and sufficient factual support for his expert opinion described in paragraph 12 to be considered by the Court. (Doc. No. 112 at 8-9.) Thus, contrary to VVI's assertion, paragraph 12 does not amount to "mere speculation," and paragraph 12 will not be stricken for failing to comply with Rule 702.

## VI. Statement of Law Applied to Formulate Opinion

Paragraph 5 of the Shamos Obviousness Declaration recites the legal definitions of obviousness Shamos relied upon "[a]s an expert . . . determining claim validity." (Doc. No. 120 ¶ 5.) VVI maintains that this paragraph should be stricken because it is not "scientific, technical, or otherwise specialized knowledge" in possession of an expert witness that will assist the trier of fact's understanding of the evidence as required by Federal Rule of Evidence 702. (Doc. No. 123 ¶ 7.)

As stated in the August 9 Order, Shamos is entitled to set forth the legal definitions of obviousness that he applied in reaching his conclusions. (Doc. No. 112 at 9.) Such information is relevant to the Court's determination that Shamos' expert testimony is reliable and admissible. *See*

Fed. R. Evid. 702 (requiring expert testimony to be based on "reliable principles and methods . . . reliably [applied] to the facts of the case"). In reaching this conclusion, the Court distinguishes the situation where an expert improperly attempts to usurp the Court's authority to determine the applicable law. *Cf. Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("[A] witness . . . may not testify to the legal implications of conduct; the court must be the jury's only source of law." (citations omitted)).

## VII.  Level of Ordinary Skill in the Art

VVI next contends that Shamos' findings regarding the level of ordinary skill in the art are not pertinent to the art or inventive steps of the '613 and '449 patents. (Doc. No. 123 at 5-6.) This argument was previously considered and rejected by the Court in the August 9 Order. (Doc. No. 112 at 8.) Moreover, as discussed in Section V, the level of ordinary skill in the art is relevant to the issue of obviousness. *See Graham*, 383 U.S. at 16 ("While the ultimate question of patent validity is one of law," the question of obviousness is based on underlying findings of fact including the "level of ordinary skill in the pertinent art."). Accordingly, the Court rejects VVI's challenge to Shamos' findings regarding the level of ordinary skill in the art.

## VIII.  Opinion on Ultimate Issue

VVI contends that the opinions asserted in the Shamos Obviousness Declaration should be stricken because they embrace the "ultimate issue." (Doc. No. 123 at 6-7.) This argument was previously considered and rejected by the Court in the August 9 Order. (Doc. No. 112 at 10) ("Thus, Shamos may give his expert opinion on the ultimate issue of a patent's invalidity due to obviousness or anticipation."). VVI additionally argues that in reaching his opinions with respect to obviousness, Shamos "omits the explicit analysis required by *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727

(2007)." (Doc. No. 123 at 7.) The Court disagrees. In the Legal Principles section, Shamos properly cites the obviousness statute, 35 U.S.C. § 103, and the standards for evaluating obviousness announced in the case law, including *KSR.* (Doc. No. 120 ¶ 5.) Shamos then applies these principles throughout his obviousness analysis. (*See, e.g., id.* ¶ 37 (noting the differences between claim 49 and the prior art and discussing why it would have been obvious to implement these differences)). Accordingly, Shamos' opinions regarding obviousness will not be stricken.

## IX. **Objections to Supplemental Declaration**

VVI next objects to the Supplemental Declaration. (Doc. No. 130.) VVI maintains that by swearing under penalty of perjury, Shamos "disingenuously suggests the appearance of fact to the mere conclusory opinion and legal argument which is outside the scope of any technical expertise that Shamos may have that is pertinent to the issues raised by the Defendant's Motion." (*Id*. at 2.) The Court disagrees. As discussed previously, the Supplemental Declaration contains the appropriate language for unsworn declarations under penalty of perjury under 28 U.S.C. § 1746, Shamos is qualified to testify as an expert in the field of electronic voting systems, the Shamos Obviousness Declaration provides relevant expert opinions in compliance with Rule 702, and Shamos, as an expert witness, is not required to base his opinions on personal knowledge.[3]

### **Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

---

[3] To the extent the objections to the Supplemental Declaration contend that paragraph 12 of the Shamos Obviousness Declaration contains speculation and hearsay, this argument was considered and rejected by the Court in both the August 9 Order, (Doc. No. 112 at 8), and Section V of the present Order.

1. The Objections to the Report of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 123, filed Dec. 9, 2010) are **OVERRULED**.

2. The Motion to Strike Report of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 124, filed Dec. 9, 2010) is **DENIED**.

3. The Objections to Supplemental Declaration of Defendants' Expert Michael I. Shamos, Ph.D., J.D. Concerning Obviousness of Claim 49 (Doc. No. 130, filed Dec. 26, 2010) are **OVERRULED**.

   **DONE** and **ORDERED** in Orlando, Florida on January 11 , 2011.

   PATRICIA C. FAWSETT, JUDGE
   UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties