# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VOTER VERIFIED, INC.,**

               **Plaintiff,**

**-vs-**                                    **Case No.  6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEM & SOFTWARE,
INC.,**

               **Defendant.**

_____

## ORDER

This case comes before the Court on the Unopposed Motion to Terminate or Suspend Case Management and Scheduling Order by Voter Verified, Inc.  (Doc. No. 126, filed Dec. 14, 2010.) Voter Verified, Inc. ("VVI") requests that the Court "terminate or suspend as of September 29, 2010 the schedule established by the Case Management and Scheduling Order because the "Order entered on September 29, 2010 (Doc. No. 114) has determined the issue of the liability for infringement of the '613 and '449 patents in favor of the Defendant and against the Plaintiff."  (Doc. No. 126 at 1.)

In the Complaint, VVI alleges that Election System and Software, Inc. ("ES&S") infringed the '613 and '449 patents and continues to infringe the '449 patent.  (Doc. No. 1 ¶¶ 27-32, 35.)  In its Counterclaims, ES&S seeks a declaratory judgment stating that ES&S "is not now and has never infringed the '449 or '613 patents."  (Doc. No. 34 ¶ 18.)  Nothing in the Complaint or the Counterclaims limits the issue of infringement to specific claims of the '613 and '449 patents.

VVI moved for summary judgment on the issue of infringement, arguing that the ES&S AutoMark system and the ES&S iVotronic Real Time Audit Log system infringe claim 49 of the '613

and '449 patents.  (Doc. No. 71 at 1-16.)  In response, ES&S filed a Cross Motion for Summary Judgment arguing that claims 49, 56, 85, 93, and 94 of the '449 patent are not infringed and the '613 patent cannot be infringed because it was surrendered.  (Doc. No. 84 at 1.)  The Defendants did not, however, present any argument regarding the infringement of claims 1-48, 50-55, 57-84, and 86-92 of the '449 patent.  (*Id.*)

The Order entered on September 29, 2010 ("September 29 Order") determined that the '613 patent was surrendered to the PTO during the reissue process and could not be infringed by the Defendants.  (Doc. No. 84 at 12.)  The Order also found that claims 49, 85, and 93 of the '449 patent could not be infringed because no single party performs or controls each step of the claimed methods. (*Id.* at 27-28.)  Finally, the Court held that claim 56 of the '449 patent was not infringed and that claim 94 of the '449 patent was invalid and therefore could not be infringed.  (*Id.* at 29, 32.)  The Court did not, however, reach the issue of infringement of the remaining claims of the '449 patent.  Thus, although VVI contends that the September 29 Order "determined the issue of liability for infringement of the '613 and '449 patents," the Order did not determine the issue of liability for infringement of claims 1-48, 50-55, 57-84, and 86-92 of the '449 patent.  Moreover, ES&S seeks a declaratory judgment that the '449 patent is "invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et. seq.*, including, but not necessarily limited to 35 U.S.C. §§ 101, 102, 103, and 112," (Doc. No. 17 ¶ 18), and this issue has yet to be decided.  Accordingly, the Court declines to terminate or suspend the schedule established by the Case Management and Scheduling Order.

**Conclusion**

-2-

Based on the foregoing, the Unopposed Motion to Terminate or Suspend Case Management and Scheduling Order by Voter Verified, Inc. (Doc. No. 126, filed Dec. 14, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 12 , 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-