**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEMS & SOFTWARE,**
**INC.,**

        **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Objections to Third Declaration of Michael I. Shamos Concerning Obviousness of Claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 by Voter Verified, Inc. (Doc. No. 154, filed Apr. 11, 2011);

2. Motion to Exclude Opinion Testimony of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 160, filed May 2, 2011); and

3. Memorandum in Opposition to Plaintiff's Motion to Exclude Opinion Testimony of Michael I. Shamos by Election Systems & Software, Inc. (Doc. No. 164, filed May 17, 2011).

**Background**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present patent infringement action against Election Systems & Software Inc. ("ES&S"). (Doc. No. 1.) On April 11, 2011, VVI filed objections to the Third Declaration of Defendants' Expert Michael I. Shamos, Ph.D., J.D.

Concerning Obviousness of Claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 ("Shamos IV"). (Doc. No. 154.)  ES&S has served the declaration in question on VVI, (*Id*. at 1), and the declaration is presently attached as exhibit 2 to Docket Number 160.

On May 2, 2011, VVI filed a Motion to Exclude Opinion Testimony of Michael I. Shamos. (Doc. No. 160.)  On May 17, 2011, ES&S responded in opposition to VVI's objections and Motion to Exclude.  (Doc. No. 164.)

**Standard of Review**

**I. Objection to Declaration Considered on a Motion for Summary Judgment**

In general, an affidavit or declaration under 28 U.S.C. § 1746 supporting or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

**II. Motion to Exclude Expert Testimony**

As explained by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, Federal Rule of Evidence 702 controls determinations regarding the admissibility of expert testimony.[1]  Expert testimony may be admitted into evidence under Rule 702 if: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2)

---

[1] Federal Rule of Evidence 702 provides that: "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citations omitted); *Daubert*, 509 U.S. at 589 (holding that "under the [Federal] Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable"); *Joiner v. Gen. Elec. Co.*, 78 F.3d 524, 529-30 (11th Cir. 1996), *rev'd on other grounds*, 522 U.S. 136 (1997) (concluding that Rule 702 requires that an expert be qualified and that his testimony assist the trier of fact).

## Analysis

VVI presents numerous arguments in its objections, (Doc. No. 154), and its Motion to Exclude, (Doc. No. 160). The Court will address each argument in turn.[2]

**I. Technical Expertise**

First, VVI contends that Shamos fails to specifically set forth his field of technical expertise. (Doc. No. 154 at 4-5; Doc. No. 160 at 2-3.) This argument was considered and rejected in the Order entered on August 9, 2010, ("August 9 Order"), as well as the Order entered on January 11, 2011, ("January 11 Order"). (*See* Doc. No. 112 at 4; Doc. No. 132 at 4.) As previously discussed, the declaration filed on June 19, 2010 sets forth Shamos's background and qualifications including his

---

[2] To the extent VVI argues that Shamos IV was untimely for use at the April 12, 2011 hearing, this argument is without merit and moot. Shamos IV was not considered by the Court at the April 12, 2011 hearing. Moreover, the Case Management and Scheduling Order sets April 1, 2011 as the deadline for the disclosure of Defendant's expert reports, (Doc. No. 54 at 1), and VVI concedes that Shamos IV was served on VVI on April 1, 2011, (Doc. No. 154 at 1).

extensive education, admission to practice as an attorney in Pennsylvania, admission to practice before the United States Patent and Trademark Office, and nearly 30 years experience as an examiner of electronic voting systems. (Doc. No. 95 ¶¶ 1-18; Doc. No. 95-1.) Paragraph 1 of Shamos IV states that Shamos's background and qualifications are detailed in the declaration filed on June 19, 2010. (Doc. No. 160-2 ¶ 1.) Thus, Shamos's field of technical expertise is specifically set forth.

## II. Statement of Law Applied to Formulate Opinion

Paragraph 5 of Shamos IV recites the legal definitions of obviousness Shamos relied upon "[a]s an expert . . . determining claim validity." (Doc. No. 160-2 ¶ 5.) VVI maintains that this paragraph is improper because it is not "scientific, technical, or otherwise specialized knowledge" in possession of an expert witness that will assist the trier of fact to understand the evidence as required by Federal Rule of Evidence 702. (Doc. No. 154 at 5; Doc. No. 160 at 3.)

As stated in the August 9 and January 11 Orders, Shamos is entitled to set forth the legal definition of obviousness he applied in reaching his conclusions. (Doc. No. 112 at 9-10; Doc. No. 132 at 6-7.) Such information is relevant to the Court's determination that Shamos's expert testimony is reliable and admissible. *See* Fed. R. Evid. 702 (requiring expert testimony to be based on "reliable principles and methods . . . reliably [applied] to the facts of the case"). In reaching this conclusion, the Court distinguishes the situation where an expert improperly attempts to usurp the Court's authority to determine the applicable law. *Cf. Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("[A] witness . . . may not testify to the legal implications of conduct; the court must be the jury's only source of law." (citations omitted)).

**III. Omission of Shamos from Rule 26 Disclosures**

VVI next argues that the Court should strike Shamos IV because ES&S filed the declaration without first disclosing Shamos as a fact witness in accordance with Federal Rule of Civil Procedure 26. (Doc. No. 154.) This argument was considered and rejected in both the August 9 and January 11 Orders. (Doc. No. 112 at 3; Doc. No. 132 at 4.) As previously discussed, because Shamos has been designated as an expert witness, (Doc. No. 95 at 1), ES&S was not required to disclose him in accordance with the Case Management and Scheduling Order, (Doc. No. 54); Fed. R. Civ. P. 26(a)(2). The Case Management and Scheduling Order provides that expert disclosures were due on or before April 1, 2011, (Doc. No. 54 at 1, 4), and Shamos was disclosed as an expert witness prior to this deadline. (*See, e.g.*, Doc. Nos. 95, 98.) Thus, ES&S properly disclosed Shamos as an expert witness in accordance with Rule 26(a)(2).

**IV. Level of Ordinary Skill in the Art**

VVI next contends that Shamos's findings regarding the level of ordinary skill in the art are "not pertinent to the art or inventive steps of the '613 and '449 patents, or with respect to any particular scientific, technical, or specialized knowledge within the meaning of Rule 702 that must be possessed by an expert witness." (Doc. No. 154 at 6; Doc. No. 160 at 3-4.) VVI also argues that Shamos's findings regarding the level of ordinary skill in the art are not relevant to the present controversy. (Doc. No. 160 at 4.)

The level of ordinary skill in the art is a factual question relevant to the issue of the obviousness of the '449 patent. *See Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 16 (1966) ("While the ultimate question of patent validity is one of law," the question of obviousness is based on several underlying factual inquiries including the "level of ordinary skill in the pertinent art.").

Here, Shamos properly sets forth his technical expertise in the field of electronic voting, states that the patent pertains to the art of electronic voting, and then provides his opinion that in November of 2000 one of ordinary skill in the art of electronic voting would have been familiar with the voting systems in use, would have an enhanced understanding of computers, printers, memory, optical scanners, and other electronic equipment regularly used in electronic voting, and would be familiar with how to integrate traditional electronic components. (Doc. No. 160-2 ¶¶ 6-7.) This opinion will assist the trier of fact to determine a relevant factual question, mainly the level of ordinary skill in the pertinent art. To the extent VVI disagrees with Shamos's opinion on this issue, such a factual dispute is not properly addressed in an objection to a declaration or a *Daubert* motion.

VVI additionally argues that Shamos's opinion regarding the level of ordinary skill in the art is improper because it is not based on Shamos's personal knowledge of the prior art. This argument was considered and rejected in both the January 11 and August 9 Orders. (Doc. No. 132 at 5, 7; Doc. No. 112 at 8.) As previously discussed, an expert witness need not have personal knowledge of the facts that form the basis of his opinion. *Daubert*, 509 U.S. at 592 ("Unlike an ordinary witness, see Federal Rule of Evidence 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." (citing Fed. R. Evid. 702-703)). Accordingly, the Court rejects VVI's challenge to Shamos's opinion regarding the level of ordinary skill in the art.

**V. Prior Art Exhibits**

VVI next contends that Shamos IV fails to set forth any basis in fact for the conclusion that exhibits 2 through 21 qualify as prior art under 35 U.S.C. § 102(a) or (b).[3] (Doc. No. 154 at 6; Doc. No. 160 at 6.) However, even if VVI had submitted evidence to support its argument that these exhibits fail to qualify as prior art or maintained that, in light of the undisputed facts, the references fail to qualify as prior art, such an argument is not properly addressed in the context of objections to a declaration or a motion to exclude. *See Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1332-33 (Fed. Cir. 2009) (finding that whether an asserted reference qualifies as prior art under § 102(b) is a question of law based on the underlying facts of each particular case); *In re Klopfenstein*, 380 F.3d 1345, 1347 (Fed. Cir. 2004) (determining that when no facts are in dispute, the question of whether a reference represents a printed publication is a question of law) (citing *In re Cronyn*, 890 F.2d 1158, 1159 (Fed. Cir. 1989)). Accordingly, the Court rejects VVI's present challenge to the references attached to Shamos IV as exhibits 2 through 21 and declines to determine at this juncture whether the references qualify as prior art for the purpose of analyzing the validity of the '449 patent.

## VI. Opinion on Ultimate Issue

VVI next contends that Shamos's opinions are improper because they embrace the "ultimate issue" of invalidity. (Doc. No. 154 at 8; Doc. No. 160 at 6-7.) However, this argument was considered and rejected by the Court in both the January 11 and August 9 Orders. (Doc. No. 132 at 7; Doc. No. 112 at 10). As previously discussed, Shamos is entitled to give his expert opinion on the

---

[3] VVI additionally argues that Shamos's reliance on The Risks Digest references renders Shamos IV improper because The Risks Digest references do not qualify as prior art. (Doc. No. 154 at 7.) This argument is without merit to the extent the Court previously determined, on summary judgment, that the Benson, McLaughlin, and Hyde Articles, which were published in The Risks Digest, do in fact qualify as prior art. (Doc. No. 114 at 10-11.)

issue of a patent's validity. (Doc. No. 112 at 10) (citing *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 294 (Fed. Cir. 1995) ("Opinion testimony rendered by experts must be given consideration, and while not controlling, generally is entitled to some weights. . . . Lack of factual support for expert opinion going to factual determinations, however, may render the testimony of little probative value in a validity determination." (citations omitted)); *see also* Fed. R. Evid. 704(a) ("[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.").

VVI additionally argues that in reaching his opinions with respect to obviousness, Shamos "omits the explicit analysis required by *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007)," and instead applies impermissible hindsight to synthesize a range of references. (Doc. No. 154 at 9; Doc. No. 160 at 7.) The Court disagrees. In the Legal Principles section, Shamos cites the obviousness statute, 35 U.S.C. § 103, and sets forth the appropriate legal standards for evaluating obviousness announced in the case law, including *KSR*. (Doc. No. 160-2 ¶ 5.) Shamos then applies these principles throughout his obviousness analysis. (*See, e.g.*, *id.* ¶ 33) (noting the differences between claim 49 and the prior art and discussing why the addition of the missing claim element would have been obvious to one having skill in the art during the relevant time period).

Finally, VVI objects to Shamos's opinion regarding the existence of objective evidence of nonobviousness, commonly referred to as "secondary considerations." (Doc. No. 160 at 7-8.) As the Supreme Court recently reaffirmed, "'secondary considerations [such] as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.'" *KSR*, 550 U.S. at 406 (quoting *Graham*, 383 U.S. at 17–18). In fact, "when secondary considerations are present, though they are

not always dispositive, it is error not to consider them." *In re Huai-Hung Kao*, 639 F.3d 1057, 1067-68 (Fed. Cir. 2011) (citation omitted); *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1372 (Fed. Cir. 2007) ("Although secondary considerations must be taken into account, they do not necessarily control the obviousness conclusion."). To the extent VVI disagrees with Shamos's opinion that there is no evidence of secondary considerations, (Doc. No. 154 at 9-10), this is a factual dispute that will not be addressed in the context of an objection or a *Daubert* motion. Accordingly, Shamos's opinion regarding the existence or nonexistence of secondary considerations is relevant to the obviousness determination.

## VII. Federal Rule of Evidence 702

In its Motion to Exclude, VVI contends that Shamos's testimony should be excluded under *Daubert* and Federal Rule of Evidence 702 because Shamos failed to apply the methodology for evaluating obviousness set forth in *KSR* and instead engaged in improper hindsight analysis to combine a maze of prior art references. (Doc. No. 160 at 10.) VVI further maintains that Shamos's conclusions of obviousness are unsupported "bottom-line" conclusions based on no particular expertise or other specialized knowledge and are therefore irrelevant and inadmissible.[4]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court determined that trial courts must act as gatekeepers to ensure that speculative, unreliable expert testimony does not reach the jury. *Id.* at 597. In order to accomplish this task, trial courts are

---

[4] While the opening paragraph of VVI's Motion to Exclude states that Shamos should be excluded from testifying "on the matter of obviousness of the U.S. Patent RE40,449, or regarding any other issue in this case," (Doc. No. 160 at 1), the Motion only addresses the propriety of Shamos's obviousness opinions. The Motion to Exclude provides no further argument or objections relating to "any other issue in the case." Accordingly, the Court declines to address the propriety of Shamos's testimony relating to "any other issue," aside from obviousness, in this Order.

instructed to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (discussing the objective of "*Daubert's* gatekeeping requirement"). As previously discussed, expert testimony may be admitted into evidence under Rule 702 if: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."[5] *Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir.1998) (citing Fed. R. Evid. 702); *see Daubert*, 509 U.S. at 589 (holding that "under the [Federal] Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

In the present case, Shamos is qualified to testify competently regarding the obviousness of the '449 patent, which involves electronic voting. Shamos holds a number of relevant degrees, including a Ph.D. in computer science from Yale University and a J.D. from Duquesne University, and he is admitted to practice law in Pennsylvania. (Doc. No. 95 at 1; Doc. No. 95 ¶ 4.) Shamos has also been admitted to practice before the United States Patent and Trademark Office since 1981. (*Id.*) Shamos serves as a statutory examiner of computerized voting systems for the Commonwealth of

---

[5] In order to meet the reliability element, the proposed testimony must be "relevant to the task at hand"; in other words, the testimony must "logically advance[] a material aspect of the proposing party's case." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) (internal citation omitted). The "basic standard of relevance [] is a liberal one," *Daubert*, 509 U.S. at 587, but if an expert opinion does not have a "valid scientific connection to the pertinent inquiry," it should be excluded. *See id.* at 591-92; *see also McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004).

Pennsylvania and has examined voting systems for the duly constituted authorities in Massachusetts, Delaware, Nevada, and West Virginia, performing over 120 electronic voting system certification examinations. (*Id*. ¶¶ 5, 8.) In addition, Shamos has authored three papers on electronic voting and has testified in a number cases involving electronic voting. (*Id*. ¶¶ 12, 16.) In light of his uncontested educational background and professional experience, the Court finds that Shamos is competent to testify regarding the obviousness of the '449 patent.

Next, the methodology Shamos relies upon to reach his conclusions is sufficiently reliable. In the Legal Principles section of Shamos IV, Shamos cites the obviousness statute, 35 U.S.C. § 103, and sets forth the appropriate legal standards for evaluating obviousness, including the relevant case law. (Doc. No. 160-2 ¶ 5.) Shamos then applies these principles throughout his obviousness analysis. (*See, e.g.*, *id.* ¶ 33) (noting the differences between claim 49 and the prior art and discussing why it would have been obvious to one having ordinary skill in the art to implement these differences)).

Finally, the opinions disclosed in Shamos IV will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence and to determine matters at issue. In *KSR* Supreme Court confirmed that in evaluating the obviousness of a claims"

> "the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

*KSR*, 506 U.S. at 406 (quoting *Graham*, 383 U.S. at 17-18). Shamos provides opinions, based on his technical expertise, relating directly to these underlying issues, including (1) the scope and content

-11-

of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the prior art and the claims at issue, and (4) the existence of secondary factors. Moreover, Shamos provides opinions specifying why differences between the prior art and the claimed subject matter would have been obvious to one of skill in the relevant art. *See* 35 U.S.C. § 103 (stating that a patent may not be obtained . . . "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."). Thus, the opinions disclosed in Shamos IV are relevant to the issue of obviousness and will assist the trier of fact to understand the evidence and to determine the issues.

In sum, Shamos is qualified to testify competently regarding the obviousness of the '449 patent, the methodology Shamos employed in reaching his conclusions regarding the obviousness of the '449 patent is sufficiently reliable, and the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence and to determine matters in issue. Accordingly, Shamos's testimony on the matter of the obviousness of the '449 patent will not be excluded.

### Conclusion

Based on the foregoing, the Objections to Third Declaration of Michael I. Shamos Concerning Obviousness of Claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 by Voter Verified, Inc. (Doc. No. 154, filed Mar. 11, 2011) are **OVERRULED**. The Motion to Exclude Opinion Testimony of Michael I. Shamos by Voter Verified, Inc. (Doc. No. 160, filed May 2, 2011) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 29 , 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties