**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

      **Plaintiff,**

**-vs-**                              **Case No. 6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEM & SOFTWARE,
INC.,**

      **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 168, filed June 13, 2011);

2. Corrected Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 170, filed June 21, 2011);

3. Memorandum in Opposition to Plaintiff's Third Motion for Summary Judgment by Election System & Software, Inc. (Doc. No. 175, filed July 13, 2011); and

4. Reply to Defendants' Memorandum in Opposition to Plaintiff's Third Motion for Summary Judgment (Doc. No. 181, filed July 27, 2011).

**Background**

**I. Procedural History**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Election Systems & Software, Inc. ("ES&S"). (Doc. No. 1.) The Complaint, seeking both damages and

injunctive relief, alleges that ES&S willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 11-12.) ES&S denies VVI's allegations of infringement and seeks a declaratory judgment that: (1) the '613 and the '449 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and 112; (2) the '613 patent is invalid pursuant to 35 U.S.C. § 251; and (3) ES&S is not infringing and has never infringed the '613 and '449 patents. (Doc. No. 17, filed Jan. 13, 2010.)

On April 28, 2010, VVI filed a Motion for Summary Judgment, arguing that there were no genuine issues of material fact relating to the direct infringement of claim 49 of the '613 and '449 patents. (Doc. No. 71 at 1.) VVI also moved for summary judgment on the validity of the asserted patents and the issue of intervening rights. (*Id.*) On May 28, 2010, ES&S responded in opposition to VVI's summary judgment motion and filed a Cross Motion for Summary Judgment, contending that: (1) the '613 patent cannot be infringed because it was surrendered; (2) claims 49, 56, 85, 93, and 94 of the '449 patent are not infringed; and (3) claims 49, 56, 85, 93, and 94 of the '449 patent are invalid as anticipated under 35 U.S.C. § 102. (Doc. No. 84.) Plaintiff's Motion for Summary Judgment was granted in part and denied in part. (Doc. No. 114 at 37-39.) The Motion was granted to the extent VVI sought a finding that: (1) the claims of the '449 patent are not invalid under 35 U.S.C. § 101; (2) the claims of the '449 patent, other than claim 94, are not invalid under 35 U.S.C. § 112; and (3) claims 1-48, 50-84, and 86-92 are not invalid under 35 U.S.C. § 102. (*Id.* at 37-38.) ES&S's Cross Motion for Summary Judgment was also denied in part and granted in part. (*Id.*) The Motion was granted to the extent ES&S sought a finding that: (1) the '613 patent was surrendered to the United States Patent and Trademark Office ("PTO"); (2) the Accused Systems do not infringe claims 49, 56, 85, and 93 of the '449 patent; (3) claim 94 of the '449 patent is invalid under 35 U.S.C.

§ 112; and (4) the enumerated Risks Digest articles qualify as prior art. (*Id*. at 38.) ES&S was also granted leave to file a supplemental summary judgment motion addressing the issue of obviousness. (*Id*.)

On November 9, 2010, ES&S filed a Motion and Memorandum in Support of Invalidity of Claim 49 of U.S. Patent No. RE40,449. (Doc. No. 119.) The Motion was granted to the extent ES&S sought a finding that claim 49 of the '449 patent is invalid as obvious under 35 U.S.C. § 103. (Doc. No. 135.) However, because ES&S did not address the obviousness of the remaining claims, the Court granted VVI's Second Motion for Summary Judgment to the extent it sought a finding that claims 1-48, 50-84, and 86-92 are valid. (*Id*. at 22.)

On June 9, 2011, ES&S filed a Motion for Summary Judgment of Non-Infringement of Claims 1-48, 50-55, 57-84, and 86-92 of U.S. Patent No. RE40,449 and Memorandum in Support. (Doc. No. 166.) In the Motion, ES&S argued that no product or combination of products sold by ES&S infringes claim 1, claim 25, or any dependent claim of the '449 patent. (*Id*.) On July 28, 2011, the Court granted ES&S's Motion, finding that VVI failed to create a genuine issue of material fact relating to whether ES&S infringed claim 1, claim 25, or any dependent claim of the '449 patent. (Doc. No. 184.)

On June 13, 2011, VVI filed a Third Motion for Summary Judgment. (Doc. No. 168.) VVI filed a Corrected Third Motion for Summary Judgment on June 21, 2011. (Doc. No. 170.) ES&S filed a memorandum in opposition on July 13, 2011, (Doc. No. 175), and VVI filed a reply on July 27, 2011, (Doc. No. 181).

**II.  The Asserted Patents**

The patents at issue in the present case include the '613 and '449 patents (collectively, the "Asserted Patents"). The '613 patent issued on August 3, 2004. (Doc. No. 1-1 at 1.) On February 14, 2005, a reissue application for the '613 patent was filed. (*Id.* at 10.) On August 5, 2008, the '613 patent was surrendered to the United States Patent and Trademark Office ("PTO") and reissued as the '449 patent. (*Id.*) VVI is the owner by assignment of both the '613 and '449 patents. (*Id.* at 30.)

In general, the Asserted Patents involve a computer voting system that displays ballots for voting, instructs voters to input their selections, prints the votes of the voters, instructs the voters to review the printed ballots for accuracy, and then instructs the voters to submit acceptable printed ballots for tabulation. By way of example, claim 1 of the '449 patent recites:

> 1. A self-verifying voting system comprising: one or more voting stations comprising:
> (a) one or more computer programs which operate in a computer to display general voting instructions, at least one election ballot showing the candidates and issues to be voted on, and directions to the voter for operation of the system; present the election ballot for voting and input of votes by the voter; accept input of the votes from the voter; print out the election ballot according to which the voter voted with the votes of the voter printed thereon, so that the votes of the voter are readable on said election ballot by the voter and readable by a tabulation machine; record the votes in the computer; and compare the votes read by a ballot scanning machine with the votes recorded in the computer;
> (b) a computer with at least one display device, at least once device to accept voting input from a voter, at least one data storage device, and sufficient memory to provide for the operation of said computer program in which said computer program runs;
> (c) a printer connected to said computer for printing the election ballot according to which the voter voted;
> (d) a ballot scanning means for reading the votes on the printed ballot printed according to the election ballot which the voter voted so that the votes shown on the printed ballot are compared by the computer program with the votes recorded in the computer for the voter;
> (e) means for connecting said ballot scanning means to said computer; and

a means for tabulating the printed ballots generated by said one or more voting stations.

**Standard of Review**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). A dispute of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. A dispute of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. In addition, when a claimant fails to produce "anything more than a repetition of his conclusory allegations," summary judgment for the movant is "not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

## Analysis

### I. Infringement

VVI first moves for a finding of summary judgment against ES&S on the issue of the infringement of claims 1, 25, 53, and 54 of the '613 and '449 patents by ES&S's iVotronic Real Time Audit Log System and claims 51 and 53 of the '613 and '449 patent by ES&S's AutoMark System. (Doc. No. 170 at 1, 10.) VVI's arguments are not well taken. First, in the Order entered on September 29, 2010, ("September 29 Order"), the Court concluded that the '613 patent could not be infringed by ES&S because it had been surrendered to the PTO and reissued as the '449 patent. (Doc. No. 114 at 11-12.) Then, in the Order entered on July 28, 2011, ("July 28 Order"), the Court concluded that ES&S did not infringe claims 1, 25, 53, and 54 of the '449 patent.[1] (Doc. No. 184.) Thus, the Court has already determined that ES&S does not infringe claims 1, 25, 51, 53, and 54 of the '613 and '449 patents.

### II. 35 U.S.C. § 251

---

[1] The Court considered and rejected VVI's present arguments regarding the infringement of claims 1, 25, 51, 53, and 54 of the '449 patent in the July 28 Order. (Doc. No. 184.)

VVI next moves for summary judgment on ES&S's allegations that "the claims of the '613 patent were surrendered upon issuance of the '449 patent" and "[e]ach claim of the '613 patent is invalid pursuant to 35 U.S.C. § 251." (Doc. No. 170 at 10 (citing Doc. No. 17 ¶¶ 15-16)). However, in the September 29 Order, the Court concluded that the '613 patent could not be infringed by the Defendants because it had been surrendered to the PTO and reissued as the '449 patent pursuant to 35 U.S.C. § 251. (Doc. No. 114 at 10-11.) In the present Motion, VVI simply repeats arguments that were considered and rejected by the Court in the September 29 Order, failing to present a basis for the Court to reconsider its prior ruling regarding the application of § 251. Accordingly, the Third Motion for Summary Judgment will be denied to the extent is seeks a finding on summary judgment relating to § 251.

### III. 35 U.S.C. § 252

In its Answer, ES&S contends that "VVI's claims are barred by the doctrine of intervening rights." (Doc. No. 17 ¶ 49.) VVI now moves for summary judgment on the issue of intervening rights. (Doc. No. 170 at 11-12.)

Intervening rights is an affirmative defense to patent infringement that protects parties who are accused of infringing patent claims set forth in a broadened reissue patent when the alleged infringement occurred before the reissue patent was granted. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993). Here, the Court has already determined that ES&S does not infringe any valid claims of the '613 or '449 patents. (Doc. No. 114 at 10-11; Doc. No. 184.) In light of this finding, the issue of intervening rights is moot. *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007) (determining that the affirmative defense of invalidity was moot in light of the finding of non-infringement).

**IV. 35 U.S.C. § 287(a)**

ES&S asserts that "VVI is barred from seeking recovery of any damages for any activities prior to commencement of the present suit due to failure to comply with the requirements of 35 U.S.C. § 287(a)."[2] (Doc. No. 17 ¶ 45.) VVI now moves for summary judgment on "the 35 U.S.C. § 287(a) issue." (Doc. No. 170 at 15.) However, as previously discussed, ES&S does not infringe any valid claims of the '613 or '449 patents. (Doc. No. 114 at 9-11; Doc. No. 184.) In the absence of a finding of infringement, the issue of VVI's damages resulting from ES&S's alleged infringement, including the limitation on damages set forth in § 287(a), is moot.

**V. Sovereign Immunity/Recapture Doctrine**

VVI next moves for a finding of summary judgment against ES&S on the issues of sovereign immunity and recapture.[3] (Doc. No. 170 at 17, 19.) Sovereign immunity is a defense to a claim of patent infringement. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 636 (1999). Recapture is also a defense to a claim of patent infringement. *Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1163, 1173-74 (S.D. Cal. 2007). Here, the Court has determined that ES&S does not infringe any valid claim of the '613 or '449 patents. Accordingly, the issues of sovereign immunity and recapture are moot.

**VI. Willful Infringement**

---

[2] Section 287(a) provides that "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter . . . ." 35 U.S.C. § 287(a).

[3] In its Answer, ES&S contends that "VVI's allegation of indirect infringement is precluded to the extent equipment made, used, sold, or offered for sale by ES&S is used by or for a sovereign entity." (Doc. No. 17 ¶ 46.) ES&S also alleges that "VVI's claims are barred by the recapture doctrine." (Doc. No. 17 ¶ 48.)

Finally, VVI moves for summary judgment against ES&S on the issue of willful infringement. (Doc. No. 170 at 20.) A finding of willful infringement requires an underlying finding of infringement. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the *infringer* acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." (emphasis added)). Thus, in light of the Court's finding that ES&S does not infringe any valid claim of the '613 or '449 patents, VVI's contention that ES&S willfully infringed the same patents is moot. *See Innovated Patents, L.L.C. v. Brain-Pad, Inc.*, 719 F. Supp. 2d 379, 387 (D. Del. 2010) ("Inasmuch as there is no infringement . . . , the issue of willful infringement of that patent 'necessarily drops out of the case.'" (quoting *Joy Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)).

## VII. ES&S's Invalidity Counterclaim

In its Counterclaim, ES&S asserts that each claim of the '449 and '613 patents are invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*[4] (Doc. No. 17 ¶¶ 8, 14, 16.) Since the filing of ES&S's Counterclaim, the Court has determined that claim 49 of the '449 patent is invalid pursuant to 35 U.S.C. § 103, (Doc. No. 135 at 21-22), claim 94 is invalid pursuant to 35 U.S.C. § 112, (Doc. No. 114 at 38), and the '613 patent has been surrendered to the PTO pursuant to 35 U.S.C. § 251, (*Id*. at 12). The Court has also determined that claims 1-48, 50-84, and 86-92 are not invalid. (Doc. No. 135 at 22.) Therefore, the only issues that remain undecided with respect to ES&S's invalidity counterclaim relate to claims 85 and 93 of the '449 patent, specifically, whether claims 85 and 93 of the '449 patent are invalid pursuant to 35 U.S.C. § 102. (Doc. No. 114 at 16.)

---

[4] The '449 and '613 patents include ninety-four individual claims.

The Supreme Court has found that "the Declaratory Judgment Act affords the district court some discretion whether or not to exercise that jurisdiction, even when it has been established." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993) (citation omitted). In light of this discretion, "[a] district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2003) (citing *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir.2003)); *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 5067671, at *8 (S.D. Tex. Dec. 6, 2010) (declining to address defendant's motion for summary judgment of invalidity after granting summary judgment of non-infringement); *Absolute Software, Inc. v. Stealth Signal, Inc.*, 731 F. Supp. 2d 661, 669 n.22 (S.D. Tex. 2010) (declining to reach the issue of a claim's validity where the defendant was found not to infringe the claim); *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 873 (N.D. Ill. 2010) ("In light of the fact that the court has granted summary judgment to the defendants with respect to the patent infringement claim . . . , the court need not reach the issue raised in the defendants' counterclaims.").

Here, ES&S indicated in a prior pleading that it would be appropriate for the Court to decline to reach the invalidity counterclaims if the Court concluded that the patents at issue were not infringed. (Doc. No. 137 at 7-8.) Specifically, ES&S stated the following:

> The question of validity or invalidity of the remaining eighty-nine Reserved Claims is virtually academic, since [VVI] has not yet asserted any of the those Reserved Claims as a basis for amended infringement allegations. Until such time, the Court's determination is the equivalent of an advisory opinion on matters that do not need to be resolved. To be clear, [ES&S] continues to dispute the validity of the Reserved Claims, but again, it is unnecessary to resolve that portion of the dispute since [VVI]'s infringement case must first be reinstated by an appellate court. The Federal Circuit

> has found that it is appropriate for a district court to avoid a decision on whether a claim is valid when the claim is otherwise not infringed. "A district court judge faced with an invalidity counterclaim challenging a patent that in concludes was not infringed may either hear the claim or dismiss without prejudice, subject to review only for abuse of discretion."

(*Id.*) (quoting *Liquid Dynamics*, 355 F.3d 1370-71). While the Court does not necessarily agree with the full legal import of ES&S's statement, the Court finds that the core assertion holds true with respect to the present case; in the wake of a finding of noninfringement, it is unnecessary to address the validity of the remaining claims. Since the filing of this pleading, the Court has determined that ES&S does not infringe any valid claim of the '449 or '613 patents. (Doc. Nos. 114, 184.)

In view of the case law on this subject and the unique facts and circumstances of the present action, including ES&S's prior pleading, (Doc. No. 137), the findings regarding non-infringement relating to each and every claim of the asserted patents, the apparent complexity of the invalidity issue, and the Court's heavy caseload, the Court will not address ES&S's counterclaim of invalidity. Instead, the Court concludes that the most prudent way to resolve the matter is to dismiss ES&S's counterclaim of invalidity without prejudice with respect to claims 85 and 93 of the '449 patent. *See Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir.1998) (holding that it is not always necessary for a district court to resolve both the validity and infringement issues and noting that when "noninfringement is clear and invalidity is not plainly evident it is appropriate to treat only the infringement issue") (citation omitted). However, in the event that trial court errors are found on appeal, ES&S should be given the opportunity to reassert its counterclaim with respect to the validity of claims 85 and 93 of the '449 patent under 35 U.S.C. § 102.

**Conclusion**

Based on the foregoing, the Corrected Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 170, filed June 21, 2011) is **DENIED**. The Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 168, filed June 13, 2011) is **DENIED as moot**. ES&S's invalidity counterclaim, (Doc. No. 17 ¶ 8), is dismissed with respect to claims 85 and 93 of the '449 patent without prejudice to reassertion at a later date, if appropriate.

**DONE** and **ORDERED** in Orlando, Florida on July 29 , 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties