**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

      **Plaintiff,**

**-vs-**                                                         **Case No. 6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEMS & SOFTWARE, INC.,**

      **Defendant.**

**ORDER**

This case comes before the Court on the following:

1. Defendant's Renewed Motion for Reconsideration of Amended Order on Summary Judgment and Incorporated Memorandum in Support by Election Systems & Software, Inc., (Doc. No. 190, filed Aug. 5, 2011); and

2. Plaintiff's Response in Opposition to Defendant's Renewed Motion for Reconsideration by Voter Verified, Inc., (Doc. No. 193, filed Aug. 17, 2011).

**Background**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Election Systems & Software, Inc. ("ES&S"). (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleged that ES&S willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 11-12.) ES&S denied VVI's allegations of infringement and sought a declaratory judgment that: (1) the '613 and the '449 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and 112; (2) the '613 patent is invalid pursuant to 35 U.S.C.

§ 251; and (3) ES&S is not infringing and has never infringed the '613 and '449 patents.  (Doc. No. 17, filed Jan. 13, 2010.)

On April 28, 2010, VVI filed a Motion for Summary Judgment, arguing that there were no genuine issues of material fact relating to the direct infringement of claim 49 of the '613 and '449 patents.  (Doc. No. 71 at 1.)  VVI also moved for summary judgment on the validity of the asserted patents and the issue of intervening rights.  (*Id*.)  On May 28, 2010, ES&S responded in opposition to VVI's summary judgment motion and filed a Cross-Motion for Summary Judgment, contending that: (1) the '613 patent cannot be infringed because it was surrendered; (2) claims 49, 56, 85, 93, and 94 of the '449 patent are not infringed; and (3) claims 49, 56, 85, 93, and 94 of the '449 patent are invalid as anticipated under 35 U.S.C. § 102.  (Doc. No. 84.)

Plaintiff's Motion for Summary Judgment was granted in part and denied in part.  (Doc. No. 114 at 37-39.)  The Motion was granted to the extent VVI sought a finding that: (1) the claims of the '449 patent are not invalid under 35 U.S.C. § 101; (2) the claims of the '449 patent, other than claim 94, are not invalid under 35 U.S.C. § 112; and (3) claims 1-48, 50-84, and 86-92 are not invalid under 35 U.S.C. § 102.  (*Id.* at 37-38.)

ES&S's Cross-Motion for Summary Judgment was also granted in part and denied in part.  (*Id*.)  The Cross-Motion was granted to the extent ES&S sought a finding that: (1) the '613 patent was surrendered to the United States Patent and Trademark Office ("PTO"); (2) the Accused Systems do not infringe claims 49, 56, 85, and 93 of the '449 patent; (3) claim 94 of the '449 patent is invalid under 35 U.S.C. § 112; and (4) the enumerated Risks Digest articles qualify as prior art.  (*Id*. at 38.)  ES&S was also granted leave to file a supplemental summary judgment motion addressing the issue of obviousness.  (*Id*.)

On November 9, 2010, ES&S filed a Motion and Memorandum in Support of Invalidity of Claim 49 of U.S. Patent No. RE40,449. (Doc. No. 119.) The Motion was granted to the extent ES&S sought a finding that claim 49 of the '449 patent is invalid as obvious under 35 U.S.C. § 103. (Doc. No. 135.) However, because ES&S did not address the obviousness of the remaining claims, the Court granted VVI's Second Motion for Summary Judgment to the extent it sought a finding that claims 1-48, 50-84, and 86-92 are not invalid. (*Id.* at 22.)

On June 9, 2011, ES&S filed a Motion for Summary Judgment of Non-Infringement of Claims 1-48, 50-55, 57-84, and 86-92 of U.S. Patent No. RE40,449 and Memorandum in Support. (Doc. No. 166.) In the Motion, ES&S argued that no product or combination of products sold by ES&S infringes claim 1, claim 25, or any dependent claim of the '449 patent. (*Id.*) On July 28, 2011, the Court granted ES&S's Motion, finding that VVI failed to create a genuine issue of material fact relating to whether ES&S infringed claim 1, claim 25, or any dependent claim of the '449 patent. (Doc. No. 184.)

On June 13, 2011, VVI filed a Corrected Third Motion for Summary Judgment. (Doc. No. 170.) The Corrected Third Motion for Summary Judgment was denied in the Order entered on July 29, 2011. (Doc. No. 185.) In the same Order, the Court also dismissed ES&S's invalidity counterclaim, (Doc. No. 17 ¶ 8), without prejudice with respect to claims 85 and 93 of the '449 patent. (Doc. No. 185 at 12.)

On August 5, 2011, ES&S filed the present Renewed Motion for Reconsideration of Amended Order on Summary Judgment requesting that the Court exercise its discretion under Federal Rule of Civil Procedure 60(b) and reverse the orders finding claims 1-48, 50-84, and 86-93 of the '449 patent to be valid. (Doc. No. 190 at 6.) VVI responded in opposition on August 17, 2011. (Doc. 193.)

**Standard of Review**

In the present case, ES&S moves for reconsideration of the Court's previous findings on summary judgment under Federal Rule of Civil Procedure 60(b). (Doc. No. 190 at 2.) Rule 60(b) permits a court, "[o]n motion and just terms," to relieve a party "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). However, on the date of this Order, final judgment not been entered in the present case.[1] Thus, Rule 60(b) is inapplicable. Nonetheless, pursuant to Federal Rule of Civil Procedure 54(b), "[a] district court may reconsider and amend interlocutory orders at any time before final judgment." *Harper v. Lawrence County*, 592 F.3d 1227, 1231 (11th Cir. 2010); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). Accordingly, the Court will proceed to consider the present motion under Rule 54(b).

---

[1] On August 20, 2011, VVI filed a Notice of Appeal stating that VVI "hereby appeals to the United States Court of Appeals for the Federal Circuit from the final judgment consisting of the orders entered in this action on July 28, 2011, and July 29, 2011." (Doc. No. 194) (citations omitted). Final judgment has yet to be entered in this case. Furthermore, 28 U.S.C. § 1292(c) provides that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction-- (1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title; and (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting." Here, VVI has not appealed from an interlocutory ordered described in subsection (a) or (b) of § 1292. In addition, VVI has not appealed from a judgment that is final except for an accounting because no accounting has been sought or remains pending in the present action. Accordingly, the filing of the Notice of Appeal on August 20, 2011, was premature and does not divest this Court of jurisdiction to consider the present Motion for Reconsideration. *See Kramer v. Unitas*, 831 F.2d 994, 997 (11th Cir. 1987) (finding a notice of appeal to be premature where it was filed after the district court granted defendant's summary judgment motion but before the court formally entered final judgment); *Ericsson Inc. v. InterDigital Commc'ns Corp.*, 418 F.3d 1217, 1221-23 (Fed. Cir. 2005) (applying the law of the regional circuit to determine procedural issues not unique to patent law). Furthermore, even if the Court had entered a final judgment in the present matter, it would retain jurisdiction to consider a motion for relief from final judgment even after the filing of a timely notice of appeal. *Bapte v. W. Caribbean Airways*, 370 F. App'x 71, 73 (11th Cir. 2010) (collecting cases).

Rule 54(b) does not specify the standard to be used by courts in exercising authority to reconsider. *Insured Deposits Conduit LLC v. Index Powered Fin. Servs., LLC*, No. 07-22735-CIV, 2008 WL 5691349, at *1 (S.D. Fla. Mar. 14, 2008). However, in this Circuit, courts have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *E.g.*, *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Additionally, a motion for reconsideration should not "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc., v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Instead, the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision," *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994), for "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp.*, 181 F. Supp. 2d at 1370.

**Analysis**

In the present Motion for Reconsideration, ES&S requests that the Court reverse its previous findings regarding the validity of claims 1-48, 50-84, and 86-93 of the '449 patent and declare the dispute over the validity of the '449 patent to be moot. (Doc. No. 190 at 6.) ES&S maintains that such action is necessary to avoid "the existing inconsistent outcome." (*Id*.) ES&S's position is without merit.

In support of its Motion, ES&S first argues that because claim 85 of the '449 patent contains only a subset of the elements contained in claim 49 and the Court previously determined that claim 49 is invalid as obvious, "claim 85 should also be found obvious." (*Id*. at 6-8.) Similarly, ES&S

maintains that claim 86 is invalid as obvious because claim 86 "adds a step substantively similar to steps (e) and (f) of claim 49." (*Id.* at 8.) However, ES&S does not cite, and the Court is unable to find, any law to support the proposition that a finding on summary judgment that one claim is invalid requires a finding on summary judgment that other related claims are invalid where the parties challenging the validity of the patent have not moved for a finding of summary judgment on the related claims. To the contrary, it is well established that patents are presumed to be valid upon issuance, 35 U.S.C. § 282, and a party seeking to overcome this presumption bears the burden of establishing invalidity by clear and convincing evidence, *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359-60 (Fed. Cir. 2007). More specifically, § 282 expressly states that "[e]ach claim of a patent (whether independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims. . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." Here, ES&S not only failed to meet its burden for establishing invalidity set forth in § 282 on summary judgment but also failed to raise the present arguments in a timely fashion. Furthermore, while the ES&S contends that it "did not understand that [it's] motion for summary judgment asserting obviousness of claim 49 would be the last motion [ES&S] would be allowed to file on obviousness," (Doc. No. 190 at 4), ES&S's purported "misunderstanding" was previously considered and rejected by the Court as grounds for reconsidering the contested findings at the scheduled evidentiary hearing on April 12, 2011. (Doc. No. 158); *see Burger King Corp.*, 181 F. Supp. 2d at 1369 ("A motion for reconsideration should not be used . . . to reiterate arguments previously made.").

ES&S next argues that this Court should reconsider its previous findings in light of the excessive effort that would have been required to completely respond to VVI's summary judgment

motion for validity. However, as discussed in a number of prior orders, ES&S asserted, in its own Counterclaims, that "*[e]ach claim* of the '449 patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et. seq.*, including, but not necessarily limited to 35 U.S.C. §§ 101, 102, 103, and 112." (Doc. No. 17 ¶ 8) (emphasis added). VVI then moved for summary judgment on this particular counterclaim, specifically citing paragraph 8 of ES&S's Counterclaims. (Doc. No. 71 at 20-24.) Nonetheless, ES&S failed to present any evidence or argument relating to the invalidity of claim 85 and failed to present clear and convincing evidence relating to the invalidity of claim 86, despite having been granted leave to file an additional summary judgment motion on the issue of obviousness. While ES&S now asserts that "[i]t is not unreasonable to presume it would have taken 75 pages of briefing and a 150-page expert declaration to address every claim in the '449 patent in response to Plaintiff's two-page assertion of validity," (Doc. 190 at 9-10), ES&S did not submit timely requests for leave to file such additional briefing, nor did ES&S timely request an extension of time to complete the requisite expert reports.[2]

Finally, ES&S contends that while it "agree[s] with the Court's exercise of its discretion to dismiss the pending unresolved claims as moot," the dismissal worked an inequity in light of ES&S's belief that if the Court had ruled on the validity of the dismissed claims, it would have found the claims to be invalid. (Doc. No. 190 at 11.) Once again, such an argument does not amount to grounds for reconsideration. The Court's exercise of its discretion to dismiss ES&S's invalidity counterclaim with respect to claims 85 and 93 of the '449 patent, (Doc. No. 185 at 12), does not render the Court's

---

[2] ES&S's repeated contention that it would have been "burdensome" to respond to a motion seeking summary judgment on ES&S's own counterclaim does not justify the extraordinary relief contemplated in a motion for reconsideration.

prior findings relating to the validity of claims 1-48, 50-84, and 86-92, (Doc. No. 135 at 22), manifestly unjust. The issue of validity was not moot at the time the Court entered the Order finding that ES&S failed to create a genuine issue of material fact relating to the invalidity of claims 1-48, 50-84, and 86-92 of the '449 patent. (*Id.*) Moreover, ES&S will not be collaterally estopped from presenting invalidity arguments relating to the dismissed invalidity counterclaims, claims 85 and 93 of the '449 patent, in a subsequent case. *See RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (applying the law of the regional circuit, the Eleventh Circuit, in finding that collateral estoppel applies only where the issue has "been actually litigated in the prior suit") (quoting *In re McWorter*, 887 F.2d 1564, 1566 (11th Cir. 1989)).

## Conclusion

Based on the forgoing, Defendant's Renewed Motion for Reconsideration of Amended Order on Summary Judgment and Incorporated Memorandum in Support by Election Systems & Software, Inc., (Doc. No. 190, filed Aug. 5, 2011), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2011.

*/s/ Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record